**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NEDA CLARK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DYNAMIC RECOVERY SERVICES, INC., ) <br> ) <br> Defendant. ) <br> ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

NEDA CLARK, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DYNAMIC RECOVERY SERVICES, INC. ("Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

5.  Plaintiff is a natural person residing in Stanford, Connecticut.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.  Defendant is a national debt collection company with its corporate headquarters located at 4101 McEwen Road, Suite 150, Farmers Branch, TX 75244.

8.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect a consumer debt allegedly owed to Providian.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12. As Plaintiff has no business debt, the debt in question could only be personal in nature.

13. Beginning in November 2011, and continuing for several months thereafter, Defendant placed a frequent harassing telephone calls to Plaintiff's cellular telephone.

14. Defendant's harassing collection calls originated from numbers including, but not limited to, (972) 241-5611, and (800) 886-8088.  The undersigned has confirmed that these telephone numbers belongs to Defendant.

15. During this time, Defendant's collectors called Plaintiff, on average, more than

twice a day.

16. On the occasions that Plaintiff spoke with Defendant's collectors, the collectors were rude, loud, and used a threatening tone with Plaintiff.

17. Defendant threatened Plaintiff to induce payment, by stating that a judgment had been taken against her, and that she "had no choice" other than to pay the alleged debt.

18. Upon information and belief no judgment is entered against Plaintiff in connection with the alleged debt.

19. Upon information and belief, Defendant the alleged debt is well beyond the statute of limitations.

20. Alternatively, if a judgment had indeed been obtained, Defendant's statement that Plaintiff "had no choice" other than to pay the debt was false as a number of options were open to her.

21. During the course of investigation of this claim, representatives for Defendant have stated to counsel for Plaintiff that it has found judgments against Plaintiff in public records, but when asked, failed to provide proof or even indicate if the alleged judgments are in connection with the debt Defendant was collecting.

22. Judgment or not, Defendant took the actions herein with the intent to deceive, harass, and intimidate Plaintiff into paying the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

24. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it threatened Plaintiff by telling her that there was a judgment against her in relation to this debt, when it told Plaintiff that she had no choice other than to pay this debt, when its collectors were rude, loud, and used a threatening tone with Plaintiff, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt.

28. Defendant violated § 1692e of the FDCPA when it told Plaintiff that there was a judgment against her in relation to this debt, when it told Plaintiff that she had no choice other

than to pay the alleged debt, and when it made other false, deceptive or misleading representations.

## COUNT IV
### DEFENDANT VIOLATED § 1692e(2)(A) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making false representations as to the character, amount, or legal status of any debt.

30. Defendant violated § 1692e(2)(A) of the FDCPA when it misrepresented the character and/or legal status of the debt, advising Plaintiff that there was a judgment entered against her.

## COUNT V
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

32. Defendant violated § 1692e(10) of the FDCPA when it told Plaintiff that there was a judgment against her in relation to this debt, when it told Plaintiff that she had no choice other than to pay the alleged debt, and when it made other false, deceptive or misleading representations.

## COUNT VI
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

34. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and

continuously, when it threatened Plaintiff by telling her that there was a judgment against her in relation to this debt, when it told Plaintiff that she had no choice other than to pay this debt, when its collectors were rude, loud, and used a threatening tone with Plaintiff, and when it engaged in other harassing or abusive conduct.

WHEREFORE, Plaintiff, NEDA CLARK, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff NEDA CLARK, demands a jury trial in this case.

                                       RESPECTFULLY SUBMITTED,

                                       NEDA CLARK
                                       By her Attorney,

                                       */s/* Angela K. Troccoli
                                       Angela K. Troccoli, Esquire, Id# ct28597
                                       Kimmel & Silverman, PC
                                       *The New England Office*
                                       136 Main Street, Suite 301
                                       Danielson, CT 06239
                                       (860) 866-4380- direct dial
                                       (860) 263-0919- facsimile
                                       atroccoli@creditlaw.com

Dated: November 13, 2012